UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZURU (SINGAPORE) PTE., LTD;<br>ZURU INC.,<br>    Plaintiffs,<br>v.<br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br>    Defendants. | Case No.:21-CV-6646 |

## [PROPOSED] ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

The Court having considered Plaintiffs' *ex parte* application (the "Application"), including the Declarations of Stephen Drysdale and Michael Yellin, as well as all other papers filed in support of the Application, for the following relief:

(1) a temporary restraining order against defendants (as described in **Schedule A** attached to the Complaint ("Defendants"), which shall also be attached hereto), enjoining Defendants from the manufacture, importation, distribution, offering for sale, and sale of counterfeit products (the "Counterfeit Products") bearing, using, or infringing upon Plaintiffs' ROBO FISH trademark, which is covered by U.S. Trademark Registration No. 4440702 and ROBO ALIVE trademark, which is covered by U.S. Trademark Registration No. 5294215 (together, the "ROBO FISH Trademarks"), and copyrights, which are covered by U.S. Copyright Office Registrations No. VA 2-249-214 and No. VA 2-248-953 (the "ROBO FISH Copyrights" or "ROBO FISH Copyright Registrations");

(2) a temporary transfer of control over Defendants' online marketplace websites (hereinafter the "Defendant Internet Stores," as also identified on Schedule A to the Complaint, which shall also be attached hereto), to Plaintiffs;

(3) a temporary restraint of certain of Defendants' assets, described below, to preserve Plaintiffs' right to an equitable accounting;

(4) expedited discovery allowing Plaintiffs to inspect and copy Defendants' records relating to the manufacture, distribution, offering for sale, and sale of Counterfeit Products, as well as of Defendants' financial accounts;

(5) permission to effectuate service by electronic mail and electronic publication; and

(6) ordering Defendants to show cause why a preliminary injunction should not issue on the return date of the Application; and

Based on the papers and other evidence submitted in support to the Application, and for good cause shown, the Court makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

1. Plaintiffs are likely to prevail on its trademark infringement, false designation of origin, copyright infringement, and unfair competition claims at trial.

2. As a result of Defendants' misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries before Defendants can be heard in opposition, unless Plaintiff's application for *ex parte* relief is granted. For example:

   a. Defendants have offered for the sale substandard and unauthorized Counterfeit Products bearing, using, or infringing on the ROBO FISH Copyrights and/or the ROBO FISH Trademarks through accounts with the online marketplace platforms Wish.com, Amazon.com, and eBay.com held by Defendants (the "User Account(s)").

   b. Plaintiffs have well-founded fears that more Counterfeit Products will appear in the marketplace using the same User Accounts or new and different User Accounts; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiffs' reputation and goodwill and, in particular, the reputation and good will related

    to products properly bearing, using, and sold utilizing the ROBO FISH Copyrights and/or the ROBO FISH Trademarks (the "ROBO FISH Products").

  c. Plaintiffs have well-founded fears that if they proceeds on notice to Defendants on this Application, Defendants will: (i) transfer, conceal, dispose of, or otherwise destroy the Counterfeit Products and information concerning the Counterfeit Products; (ii) transfer, conceal, dispose of, or otherwise hide the ill-gotten proceeds from the improper sale of the Counterfeit Products; and/or (iii) close down existing User Accounts, transfer User Account information, and/or open a new User Account through which Defendants can improperly advertise, market, promote, distribute, offer for sale and/or sell the Counterfeit Products under a new or different alias, allowing Defendants' misconduct to continue with little or no consequence.

3. On balance, the potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issues is far outweighed by the potential harm to Plaintiffs, their business, and the goodwill and reputation built up in and associated with the ROBO FISH Copyrights and/or the ROBO FISH Trademarks if a temporary restraining order is not issued.

4. The public interest favors issuance of the temporary restraining order to protect Plaintiffs' interests in and to the Plaintiffs' copyright, and to protect the public from being deceived and defrauded by Defendants' passing off their Counterfeit Products as Plaintiffs' ROBO FISH Products.

5. Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants.

6. If Defendants are given notice of the Application, they are likely to conceal, transfer, or otherwise dispose of their ill-gotten proceeds from their sales of Counterfeit Products. Therefore, good cause exists for granting Plaintiffs' request to proceed *ex parte* and for an asset restraining order. It typically takes banks and other financial institutions (including those defined below as the "Financial Institutions"), as well as online marketplace accounts, approximately five (5) days after service of an Order like this one to locate, attach, and freeze Defendants' Assets (defined below), Defendants' Accounts (defined below), and/or the User Accounts, and service on Defendants should not take place until such actions are completed.

7. Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible the records and documents relating to Defendants' manufacture, importing, advertising, marketing, distributing, offering for sale and/or sale of the Counterfeit Products. Thus, Plaintiffs have established good cause for expedited discovery to be ordered.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** and it is **ORDERED** as follows:

### Temporary Restraints

1. As sufficient causes has been shown, Defendants are temporarily enjoined and restrained from engaging in any of the following conduct pending the return date of the Application as referenced below:

    a. Using the ROBO FISH Trademarks or ROBO FISH Copyrights or any reproductions, counterfeit copies, or colorable imitations thereof in any

    manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any Counterfeit Products;

b. Passing off, inducing, or enabling others to sell or pass off any product as a genuine ROBO FISH Product that is not, in fact, Plaintiffs' ROBO FISH Product and/or not produced under the authorization, control, or supervision of Plaintiffs and approved by Plaintiffs for sale under the ROBO FISH Trademark or ROBO FISH Copyrights;

c. Committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control, or supervision of Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

d. Further infringing the ROBO FISH Trademarks or ROBO FISH Copyrights and damaging Plaintiffs' goodwill;

e. Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear(s) the ROBO FISH Trademarks or ROBO FISH copyrights or any reproductions, counterfeit copies, or colorable imitations thereof;

f. Using, linking to, transferring, selling, exercising control over, or otherwise owning the User Accounts, the Defendant Internet Stores, or any other domain name or online market place account that is being used to sell or is the means by which Defendants could continue to sell Counterfeit Products; and

g. Operating and/or hosting websites and/or any other web presence registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any

5

product embodying or bearing either or both of the ROBO FISH Trademarks or ROBO FISH Copyrights.

**Temporary ~~Transfer~~ Disabling of Defendant Internet Stores**

2. Within five (5) days of receipt of this Order, Wish.com, Amazon.com, and eBay.com are directed to

    a. disable and cease providing services for any User Accounts through which Defendants engage in the sale of Counterfeit Products, including any User Accounts associated with the Defendants listed on Schedule A to the Complaint (which is also attached hereto);

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Counterfeit Products; and

    c. take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index.

**Temporary Asset Restraint**

3. Pursuant to Fed. R. Civ. P. 64 and 65, as well as C.P.L.R. 6201, and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt service of this Order, that (i) Wish, (ii) PayPal, Inc. ("PayPal"), (iii) Payoneer, Inc ("Payoneer"), (iv) the Alibaba Group d/b/a Alibaba.com and Aliexpress.com ("Alibaba"), (v) Amazon.com, (vi) eBay.com, (vii) and other payment processing service providers (collectively referred to as the "Financial Institutions") shall locate all accounts associated with Defendants (the

"Defendants' Accounts") and other assets belonging to Defendants (the "Defendants' Assets") and shall locate, attach, and restrain the transfer or disposing of monies or funds from Defendants' Accounts, as well as the transfer or disposing of Defendants' Assets, until further ordered by this Court. The Financial Institutions shall provide written confirmation of their compliance with the foregoing to Plaintiffs' counsel.

### Expedited Discovery

4. As sufficient cause has been shown, within ~~five (5)~~ fourteen days of receipt of service of this Order, the Financial Institutions, including Wish in its capacity as an online marketplace platform, shall Provide the following information to Plaintiffs' counsel (to the extent such information is in the Financial Institutions' possession, custody, or control):

   a. Identifying information for Defendants, including all available contact information (which shall include, if available, all known e-mail addresses and mailing addresses), as well as account numbers and account balances.

   b. Any User Accounts and/or online marketplace websites affiliated with Defendants that are not listed on Schedule A to the Complaint (and attached hereto).

   c. Information concerning any of Defendants' Accounts or Defendants' Assets including.

### Service by Electronic Mail and/or Electronic Publication

5. Pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service of this Order and the Summons and Complaint may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

    a. Delivery of: (i) PDF copies of this Order together with the Summons and Complaint; (ii) a link to a website where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiffs' Application (the "Link") to Defendants' e-mail addresses as provided by the Financial Institutions.

    b. Requesting that the Financial Institutions cause Defendants' online marketplace website(s) to redirect to the Link.

6. Such alternative service, as set forth above, shall be made within five (5) days of the Financial Institutions compliance with Paragraphs 3 and 4 of this Order.

7. The Clerk of Court is directed to issue a single original summons ~~in the name of "THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT" that shall apply to all Defendants.~~ naming the individual Defendants listed at Schedule A, ECF No. 9. Plaintiff should contact the SDNY Finance/Cashier Office to obtain the summons in-person.

**Security Bond**

8. Plaintiffs shall deposit with the Court Five Thousand Dollars ($5,000.00), either cash, cashier's check or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

**Sealing Order**

10. Schedule A to the Complaint (which shall also be attached to this Order as served, but shall be sealed until Defendants' Defendants' Accounts and Defendants' Assets are

8

63030/0001-41289425v1

restrained) and Exhibit 2 to the Declaration of Stephen Drysdale shall remain sealed until Defendants' Defendants' Accounts and Defendants' Assets are restrained.

11. Plaintiffs shall file unsealed versions of Schedule A to the Complaint and Exhibit 2 to the Declaration of Stephen Drysdale using the CM/ECF system prior to the expiration of this Order.

### Application to Vacate or Dissolve

12. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order ~~on two (2) days' notice to Plaintiffs or on shorter notice as set by this Court~~.

**IT IS FURTHER ORDERED** that a hearing shall be held on **August 25**, 2021 at **12:45** ~~a.m.~~/p.m. which Plaintiffs may present their arguments in support of their request for issuance of a preliminary injunction. At ~~As~~ such time, any Defendants may also be heard as to opposition to Plaintiffs' Application. The hearing shall proceed by teleconference as described below.

**IT IS FURTHER ORDERED** that opposing papers, if any, shall be filed and served on or before **August 23**, 2021, at **5:00** ~~a.m.~~/p.m.

This Temporary Restraining Order without notice is entered at **4:55 p.m.** on **August 11**, 2021, and shall remain in effect for fourteen (14) days.

_____
UNITED STATES DISTRICT JUDGE

The hearing will take place remotely by telephone in accordance with Rule 2(B) of the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman. The parties should join the conference by calling the Court's dedicated conference line at **(888) 363-4749 and using access code 542-1540**, followed by the pound (#) key. (Members of the public and press may also attend using the same dial-in information; they will not be allowed to speak during the conference.) Counsel should review and comply with the rules regarding teleconferences in the Court's Individual Rules and Practices in Civil Cases, including Rule 2(B)(i), which requires the parties, n**o later than 24 hours** before the conference, to send an email to the Court with a list of counsel who may speak during the teleconference and the telephone numbers from which counsel expect to join the call.

The motion to seal filed at ECF No. 8 is GRANTED.  Unless the Court orders otherwise, Plaintiffs shall publicly file the sealed documents on or before **August 24, 2021**.  Additionally, Plaintiffs' motion at ECF No. 11 seeking an enlargement of their page limits is GRANTED *nunc pro tunc*.  The Clerk of Court is directed to terminate ECF Nos. 8 and 11.  SO ORDERED

63030/0001-41289425v1